MT. HAWLEY INSURANCE
COMPANY,

      Plaintiff,

v.                             CASE NO.: 8:09-cv-2227-T-23TGW

GIANT OIL, INC., GIANT OIL #301, LLC,
and DONNA JABER,

      Defendants,

_____/

GIANT OIL, INC.,

      Third Party Plaintiff,
v.

ALLEY, REHBAUM & CAPES
ASSURANCE, INC., KRISTIN HOOD,
and DON WATERS, JR.,

      Third Party Defendants.

_____/

## **ORDER**

      The plaintiff ("Mt. Hawley") sues (Doc. 1) pursuant to 28 U.S.C. § 2201 for a

declaratory judgment that the plaintiff has no obligation to either defend or indemnify the

defendant Giant Oil, Inc., ("Giant") against a wrongful death action brought by Donna

Jaber ("Jaber").  Giant sues the third party defendants Alley, Rehbaum & Capes; Kristin

Hood; and Don Waters, Jr., and alleges (Doc. 12) negligence, breach of fiduciary duty,

and breach of contract.  The third party defendants move (Doc. 16) to dismiss and

argue (1) that the third party complaint is premature; (2) that the third party complaint is improper under Rule 14(a)(1), Federal Rules of Civil Procedure; and (3) that each count (except count four) of the third party complaint is barred by the economic loss rule. Giant responds (Doc. 21) in opposition.

## Background

Jaber is the personal representative of the estate of Fadi Omar Abukhdair (the "decedent"), who was allegedly murdered during the armed robbery of a service station owned by Giant. Mt. Hawley seeks a declaratory judgment that an insurance policy issued to Giant provides no coverage for Jaber's wrongful death claim against Giant. An "assault and battery exclusion" exclusion in the policy states that "[t]his insurance policy does not apply to 'bodily injury' arising out of an actual or alleged assault and battery, including any act or omission in connection with its prevention or suppression."

## Discussion

"All elements of a cause of action must exist and be complete before an action may properly be commenced." Shuck v. Bank of Am., 862 So. 2d 20, 24 (Fla. 2d DCA 2003); see also Brown & Root, Inc. v. Big Rock Corp., 383 F.2d 662, 665 (5th Cir. 1967)[1] ("A controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop."). The "appropriate disposition" of a premature action depends on whether "the premature element . . . is curable simply by the passage of time" or whether an "essential element is contingent upon the

---

[1] See Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (adopting as binding precedent all decisions of the former Fifth Circuit issued before September 30, 1981).

occurrence of an event that may or may not occur." Shuck, 862 So. 2d at 24-25. If an action contains an "essential element [that] is contingent upon the occurrence of an event that may or may not occur"—such as a judgment that an insurance policy provides no coverage for a claim—dismissal is appropriate. 862 So. 2d at 24-25; Allstate Ins. Co. v. Richard Zehr Const., Inc., 2006 WL 2850438 (M.D. Fla. 2006) (Whittemore, J.); see also Glassbrenner v. Continental Gen'l Ins. Co., 2004 WL 322912, *1 (M.D. Fla. 2004) (finding that "[a] claim against an insurance agent for negligence does not accrue until the underlying action against the insurance company is final.") (citing Blumberg v. USAA Cas. Ins. Co., 790 So. 2d 1061, 1065 (Fla. 2001)). Allstate, a declaratory judgment action, dismisses as premature both a counterclaim against the insurer and a third party complaint against the insurance agent, which claims allege breach of a duty to properly advise the insured. Allstate finds that dismissal is appropriate because both claims are contingent upon an adjudication that the policy provides no coverage for the alleged incident and "the possibility exists that [the insured] may prevail in [the insurer's] declaratory judgment action."

In this instance, Giant's third party complaint seeks to hold the third party defendants liable for "all sums for which Giant Oil may become liable as a result of the Jaber [l]itigation to the extent that such sums are not paid by Mt. Hawley." (Doc. 12) Each claim is based on the alleged breach of a duty by a third party defendant in advising, and procuring insurance for, Giant, and each claim is contingent upon the occurrence of a declaratory judgment adverse to Giant, which judgment holds that Mt. Hawley has neither a duty to defend nor a duty to indemnify Giant against Jaber's

wrongful death action.  Thus, no claim in the amended third party complaint (Doc. 12) is ripe, because each claim depends upon an outcome adverse to Giant in Mt. Hawley's pending declaratory judgment action.

<u>Conclusion</u>

Accordingly, the motion to dismiss (Doc. 16) is **GRANTED** and the third party complaint (Doc. 12) is **DISMISSED WITHOUT PREJUDICE**.

ORDERED in Tampa, Florida, on April 15, 2010.

_____
**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**