UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MT. HAWLEY INSURANCE
COMPANY,

    Plaintiff,

v.                                    CASE NO.: 8:09-cv-2227-T-23TGW

GIANT OIL, INC., et al.,

    Defendants,
_____/

## ORDER

The plaintiff (the "insurer") sues (Doc. 1) for a declaratory judgment that an "assault and battery exclusion"[1] in the policy absolves the insurer of an obligation to either defend or indemnify the defendant Giant Oil, Inc., (the "insured") against a wrongful death action. The insurer moves (Doc. 35) to strike the insured's first, second, and third affirmative defenses, which assert waiver, estoppel, and unconscionability based on the insurer's alleged failure to timely deliver the policy to the insured as required by Section 627.421, Florida Statutes. Opposing the motion, the insured argues (Doc. 37) that the motion is both untimely and without merit.

Because the "assault and battery exclusion" pertains to coverage and not to forfeiture, the general rule barring assertion of either estoppel or waiver to extend

---

[1] The exclusion states that "[t]his insurance does not apply to 'bodily injury' arising out of an actual or alleged assault and battery, including any act or omission in connection with its prevention or suppression."

coverage would render each affirmative defense legally insufficient.  However, in certain circumstances promissory estoppel may preclude an insurer's denying (based on an exclusion) coverage for a loss for which the insurer charged no premium.  At this stage in the action, the record establishes insufficient facts to determine the propriety of striking any alleged affirmative defense as legally futile.  Accordingly, the insurer's motion to strike (Doc. 35) is **DENIED**.

ORDERED in Tampa, Florida, on June 16, 2010.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE